UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------X

TERRANCE MALONE,

        Plaintiff,             <u>MEMORANDUM AND ORDER</u>

   -against-             Civil Action No.
                                CV-05-2882 (DGT)

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CORRECTIONS; ANNA
M. KROSS CENTER; BRIAN RIORDAN,
WARDEN FOR THE ANNA M. KROSS
CENTER; JOANDREA DAVIS, DEPUTY
WARDEN FOR ADMINISTRATION, SHIELD
# 250; CAPTAIN GERALD DAVIS,
SHIELD # 560; and CAPTAIN CALLE,
SHIELD # 423,

        Defendants.

-------------------------------X

Trager, J:

    Plaintiff Terrance Malone ("Malone") brings this action <u>pro
se</u> against defendants City of New York ("City"), New York City
Department of Corrections ("DOC"), Anna M. Kross Center, Warden
Brian Riordan ("Warden Riordan"), Deputy Warden Joandrea Davis
("Deputy Warden Davis"), Captain Gerald Davis ("Captain Davis")
and Captain Calle ("Captain Calle"), seeking monetary relief for
civil rights violations allegedly suffered during the course of
his employment.

    As grounds for his recovery, Malone cites Title VII of the
Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, and 42
U.S.C. § 1983 (without specifying which constitutional rights

were abridged or violated).  Malone also alleges violations of: (1) a statute prohibiting harassment and abuse in debt collection practices, 15 U.S.C. § 1692(d)(2); (2) statutes prohibiting federal employees from making false representations or relying on fraudulent documents, 18 U.S.C. §§ 1000, 1002 and (3) a statute permitting judges to grant, upon motion by a government attorney, temporary restraining orders to prevent harassment of victims or witnesses in federal criminal trials, 18 U.S.C. § 1514(c)(1).

Defendants City and Warden Riordan move to dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Malone has failed to state a claim for which relief can be granted.

## (1)

### Background

In light of Malone's pro se status, facts and arguments first raised in his opposition memorandum are considered in addition to the allegations in his complaint.  White v. U.S. Postal Serv., No. 04-CV-0602, 2005 WL 408047, at *1 (E.D.N.Y. Feb. 16, 2005).  As defendants have already addressed Malone's additional allegations in its reply, they are not prejudiced by this allowance.  For the purposes of this motion to dismiss, the following facts are accepted as true.

Neither the complaint nor the opposition memorandum is entirely clear or consistent in setting forth Malone's claims. He essentially alleges that a harsh upbraiding by an immediate supervisor, Captain Davis, and related disciplinary action taken against him were discriminatory and, therefore, violated Title VII and Malone's constitutional rights. Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") ¶¶ 1, 6. He also claims that the disciplinary proceedings were brought in retaliation for his complaints about Captain Davis's conduct. Pl.'s Opp'n ¶ 5. Malone seeks compensatory and punitive damages. Compl. ¶ 17.

At the time of the incidents described, Malone was employed as a corrections officer for the DOC at the Anna M. Kross Center. Compl. ¶ 1. While Malone refers only obliquely to the events preceding those in his complaint, it appears that Captain Davis, his direct supervisor, reprimanded Malone for failing to respond to a prison alert. Id. at ¶ 3. After the alert had passed, Captain Davis telephoned Malone and demanded an explanation for the incident. Id. Malone explained that he had been unable to assist the other officers because he felt overheated and weak. Id. Captain Davis telephoned two more times in rapid succession, demanding, in profane language, that Malone give him a report of the incident and warning Malone not to take the matter lightly. Id. at ¶¶ 4, 5.

Following the last call, Captain Davis, accompanied by Captain Calle, arrived at Malone's post and continued to upbraid him. Compl. ¶ 7. Captain Davis pointed his finger at Malone's face and demanded an explanation for Malone's failure to respond to the alert. Id. at ¶ 11. Malone again explained that he had been feeling unwell, and Captain Davis responded, "That's bullshit, I'd expect that from a female officer - not you." Id. Malone requested that they cease discussing the matter in front of the inmates, to which Captain Davis replied: "Fuck the inmates." Id.

Captain Davis proceeded to demand numerous reports of Malone, some of which, such as a report explaining why he was out of uniform (Malone asserts he was properly uniformed), appear groundless and intended to harass. Compl. ¶ 12. While pleading with Captain Davis to desist, Malone felt numbness and tingling in his left arm, shortness of breath and a sharp pain in his chest; he then collapsed. Id. at ¶ 13. He was taken to the medical clinic and later transported to the hospital by ambulance. Id. at ¶ 14. Malone asserts that the dressing-down he received in direct view of the inmates diminished their respect for his authority, resulting in riots, violent tantrums and assaults that jeopardized his and his colleagues' safety. Pl.'s Opp'n ¶ 7.

Malone apparently complained about this incident by filing both an internal grievance and a charge with the United States Equal Employment Opportunity Commission ("EEOC"). Pl.'s Opp'n ¶ 5. Attached to the complaint is an EEOC "right to sue" letter, dated May 31, 2005, which states that the EEOC closed its file on Malone's charge because the facts alleged "fail to state a claim under any of the statutes enforced by the EEOC." Compl. ¶ 8. There is no indication of the substance of his charge or of the date on which Malone submitted it. Id.

Malone alleges he was disciplined again soon after the EEOC dismissed his charge. Compl. ¶¶ 1, 16. On June 14, 2005, Deputy Warden Davis summoned Malone and his union delegate to her office, told Malone he was guilty of insubordination and proposed taking away four of his vacation days. Id. at ¶ 16. Although Warden Riordan was not present, Deputy Warden Davis stated that Riordan believed Captain Davis had not acted improperly. She insisted that Malone accept this belief. Id. When he refused and sought to leave her office, Deputy Warden Davis threatened to suspend him. Id. Malone alleges that, in response to his refusal, his supervisors filed a charge of insubordination and a false charge of assaulting a supervisor with the Office of Administrative Trials and Hearings ("OATH"), a central tribunal with the authority to conduct hearings for city agencies, boards

5

or commissions.  Pl.'s Opp'n ¶¶ 5, 9.  At the time he filed his opposition brief, Malone faced a hearing on these charges before an OATH judge.  Id. at ¶ 9.

**Discussion**

**(1)**

**Improper Claims**

Malone cannot maintain claims against all named defendants. The DOC, an agency of the city of New York, and the Anna M. Kross Center, a DOC facility, are non-suable entities, so all claims against these two defendants must be dismissed.  See N.Y.C. Charter Ch. 17 § 396; Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997).

Malone's Title VII claims against individual defendants must also be dismissed, as Title VII does not provide for individual liability.  Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000).

Furthermore, the Section 1983 claims against Captain Davis, Captain Calle and Deputy Warden Davis are dismissed because the record contains no evidence that Malone has served them with the complaint.  If a plaintiff fails to serve process on a defendant within 120 days of filing the complaint and does not demonstrate good cause for such failure, a court may, at its discretion,

dismiss claims against that defendant.  Fed. R. Civ. P. 4(m);
<u>Beauvoir v. U.S. Secret Serv.</u>, 234 F.R.D. 55, 57-59 (E.D.N.Y.
2006).  Malone was aware of his failure of service but did not
comply with a July 12, 2005 order from Magistrate Judge Lois
Bloom, to serve process on the individual defendants.  Nor did he
offer any reason for his failure of service.  Over a year after
the Magistrate Judge's order, Malone still has not served these
defendants with process, so Malone's claims against Captain
Davis, Captain Calle and Deputy Warden Davis are dismissed with
prejudice.  <u>See</u> <u>Seabrook v. City of New York</u>, No. 04-CV-2496,
2006 WL 1620161, at *6 (E.D.N.Y. June 13, 2006) (dismissing
action with prejudice when plaintiff failed to serve process for
nine months despite Magistrate Judge's Order).

Malone also cannot maintain Section 1983 claims against the
City.  Section 1983 applies to municipal defendants only if an
unconstitutional pattern, policy or practice is alleged.  <u>Monell</u>
<u>v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-91 (1978).  As
Malone's pleadings contain no such allegations, his Section 1983
claims against the City must be dismissed.  <u>Dean v. N.Y. City</u>
<u>Transit Auth.</u>, 297 F. Supp. 2d 549, 555 (E.D.N.Y. 2004).
However, Malone is granted leave to amend his complaint with

facts alleging a widespread pattern of discrimination by the City, if he can.  See id.

Malone's remaining claims include his Title VII claims against the City and his Section 1983 claims against Warden Riordan.  Each is discussed in turn.


## (2)

### Motion to Dismiss: Legal Standards

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint is construed liberally, all factual allegations are accepted as true and all inferences are drawn in the plaintiff's favor.  Leibowitz v. Cornell Univ., 445 F.3d 586, 590 (2d Cir. 2006).  The complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (quoting Conley v. Gibson, 335 U.S. 41, 45-46 (1957)).  Pleadings drafted by pro se plaintiffs are held to a less stringent standard than pleadings drafted by lawyers.  Boddie v. Schneider, 105 F.3d 857, 860 (2d Cir. 1997).

Under Title VII, a plaintiff need not plead a prima facie case of employment discrimination, but rather need only "give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests" to defeat a motion to dismiss.
Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 515 (2002)
(quoting Conley, 335 U.S. at 47).  Defendants fail to acknowledge
this pleading standard and do not cite any cases post-dating
Swierkiewicz.  Nevertheless, the sufficiency of Malone's claims
will be measured against the new threshold.

The Second Circuit has not addressed the question of whether
this standard applies to employment discrimination claims brought
under Section 1983.  Toussie v. Powell, 323 F.3d 178, 185 n.3 (2d
Cir. 2003) (declining to consider whether Swierkiewicz overruled
prior case law regarding pleadings requirements for Section 1983
conspiracy claims).  However, district courts have applied
Swierkiewicz to Section 1983 claims.  Dean, 297 F. Supp. 2d at
554 ("[T]here is no basis for differentiating between
discrimination claims brought under § 1983 or Title VII with
regard to the requisite pleading standard . . . ."); Tamayo v.
City of New York, No. 02-CV-8030, 2004 WL 137198, at *5 (S.D.N.Y.
Jan. 27, 2004) (evaluating motion to dismiss equal protection
claims under Section 1983 according to Swierkiewicz).  Therefore,
Malone's Section 1983 claims will be analyzed under the
Swierkiewicz standard as well.

## Plaintiff's Claims

### a.  Title VII

Malone cites Title VII of the Civil Rights Act of 1964 as one of several statutes underpinning his claim for relief. Compl. ¶ 2.  Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  It also forbids an employer from retaliating against any of its employees for opposing the discriminatory practices the statute prohibits.  42 U.S.C. § 2000e-3.  Malone has attempted to allege three forms of discrimination outlawed by Title VII: (1) race and gender harassment, under a so-called "hostile work environment" claim; (2) disparate treatment on the basis of race and gender and (3) disparate treatment on the basis of retaliation.  Each is considered in turn.


### i.  Hostile Work Environment

Malone fails to state a viable claim of hostile work environment, so defendants' motion to dismiss this claim is,

therefore, granted.  Title VII does not protect employees from "the ordinary tribulations of the workplace, such as the sporadic

use of abusive language . . . ."  <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 788 (1998) (internal quotation omitted).  A plaintiff must allege some facts indicating that the workplace was "permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe to alter the conditions of his employment and create an abusive working environment." <u>McCalla v. SUNY Downstate Med. Ctr.</u>, No. 03-CV-2633, 2006 WL 1662635, at *6 (E.D.N.Y. June 8, 2006) (quoting <u>Howley v. Town of Stratford</u>, 217 F.3d 141, 153 (2d Cir. 2000)).

A plaintiff must also allege that the harassment was motivated by his race, gender or other protected status.  <u>O'Neal v. State Univ. of N.Y., Health Sci. Ctr. Brooklyn</u>, No. 01-CV-7802, 2003 WL 1524664, at *8 (E.D.N.Y. Mar. 24, 2003).  "[T]he critical issue . . . is whether members of one sex [or race] are exposed to disadvantageous terms or conditions of employment to which members of the other sex [or race] are not exposed."  <u>Id.</u> (quoting <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 80 (1998)).

At the pleading stage, a plaintiff must give defendant notice of the claim and the grounds upon which it rests.  <u>See Bonano v. Southside United Hous. Dev. Corp.</u>, 363 F. Supp. 2d 559,

11

563-64 (E.D.N.Y. 2005) (citing <u>Swierkiewicz</u>, 534 U.S. at 511-12).

Malone's complaint contains a statement attributed to Captain

Davis which could be interpreted as facially discriminatory

insofar as Captain Davis expects male employees to show more

resolve when ill than female employees.  Compl. ¶ 11.  However,

contrary to Malone's interpretation, the alleged discriminatory

animus actually seems to be directed towards women rather than

men, as the statement indicates that Captain Davis feels women

are weaker and, thus, less capable employees.  That being said,

Malone alleges that his superiors would not have treated female

or minority employees as harshly as he was treated, and "for the

purposes of [a] motion to dismiss . . . [a] conclusory statement"

of discriminatory motive is "adequate." <u>O'Neal</u>, 2003 WL 1524664,

at *8.  While Malone would be required to establish at trial that

race or gender bias was the actual motive for his supervisors'

conduct, at the pleading stage, it is sufficient to allege that

female and minority employees were treated more favorably.

Malone's claim still fails, however, because the harassment

he alleges is neither pervasive nor severe enough to withstand

defendants' motion to dismiss.  Malone does not claim frequent or

continuous harassment, but only a single incident on one day.

Although "a single act can meet the threshold if it in fact works

a transformation of the plaintiff's workplace," <u>McCalla</u>, 2006 WL

1662635, at *6 (quoting <u>Feingold v. New York</u>, 366 F.3d 138, 150

(2d Cir. 2004)) (internal quotation omitted), such an incident

did not take place here.  For a plaintiff to base his entire

hostile work environment claim on just one incident, the incident

"must be of an extraordinarily severe nature."  <u>Whyte v.</u>

<u>Contemporary Guidance Servs., Inc.</u>, No. 03-CV-5544, 2004 WL

1497560, at *4 (S.D.N.Y. July 2, 2004) (citing <u>Cruz v. Coach</u>

<u>Stores, Inc.</u>, 202 F.3d 560, 570 (2d Cir. 2000)).

    Malone has failed to show that the incident with Captain

Davis was severe enough to withstand defendants' motion to

dismiss.  <u>Compare</u> <u>James v. Fed. Reserve Bank of N.Y.</u>, No. 01-CV-

1106, 2005 WL 1889859, at *7-8 (E.D.N.Y. Aug. 8, 2005)

(dismissing hostile work environment claim because incidents

where supervisor called plaintiff "slut" and "heifer" and told

her that she was too "strong-headed" were not severe or pervasive

enough to sustain the claim), <u>and</u> <u>Whyte v. Contemporary Guidance</u>

<u>Servs., Inc.</u>, No. 03-CV-5544, 2004 WL 1497560, at *4-5 (S.D.N.Y.

July 2, 2004) (holding that incident where supervisor screamed at

middle-aged black employee that he was intimidating his young,

white co-workers was not "sufficiently severe" to state viable

hostile work environment claim), <u>with</u> <u>Linder v. City of New York</u>,

263 F. Supp. 2d 585, 592-93 (E.D.N.Y. 2003) (denying motion to

dismiss hostile work environment claim based on sufficiently

severe incident where teacher was sexually assaulted by her co-worker at a school-sponsored function).

Although Malone was apparently upset by his public scolding, the severity of the offensive incident is not determined by plaintiff's response to it.  Malone's medical emergency shows only his subjective reaction to the reprimand.  In a hostile work environment claim, a plaintiff must also show that the workplace was <u>objectively</u> offensive, "one that a reasonable person would find hostile or abusive."  <u>Walter v. Westdeutscher Rundfunk, ARD</u>, No. 03-CV-5676, 2004 WL 1052776l, at *4 (S.D.N.Y. May 11, 2004) (quoting <u>Faragher</u>, 524 U.S. at 787).

Malone has failed to allege facts indicating that his workplace was objectively abusive.  Although Captain Davis' alleged conduct was offensive, an isolated incident of "boorish behavior" is insufficient to support a hostile work environment claim.  <u>Alfano v. Costello</u>, 294 F.3d 365, 381 (2d Cir. 2002) (explaining that "many bosses are harsh, unjust, and rude," but employees cannot litigate all workplace disagreements, "[o]therwise the federal courts will become a court of personnel appeals").  The conduct alleged here amounts to nothing more than an "ordinary tribulation[] of the workplace," an isolated episode outside the protective reach of Title VII.  <u>See</u> <u>Faragher</u>, 524 U.S. at 788 (internal quotation omitted).

From an objective perspective, Malone has not pled an incident which was severe or pervasive enough to alter the terms and conditions of his employment.  See <u>Gratton v. JetBlue Airways</u>, No. 04-CV-7561, 2005 WL 1251786, at *9 (S.D.N.Y. May 25, 2005) (dismissing hostile work environment claim because harassment to which pregnant plaintiff was subjected "was not 'of such quality or quantity that a reasonable employee would find the conditions of her employment <u>altered for the worse</u>'" (quoting <u>Feingold</u>, 366 F.3d at 150)).  Malone has not given defendants fair notice of the grounds upon which his hostile work environment claim rests, so defendants' motion to dismiss the hostile work environment claim is granted.  See <u>Swierkiewicz</u>, 534 U.S. at 512.  Malone is given thirty days leave to amend his complaint if such harassment has occurred.

**ii.  Disparate Treatment on the Basis of Race and Gender**

Malone also attempts to state a claim of disparate treatment on the basis of race and gender by alleging that his supervisors' conduct, including the public reprimand and the subsequent disciplinary proceedings, was discriminatory.  The same events supporting a hostile work environment claim under Title VII may form the basis for a claim of disparate treatment as well. <u>Gregory v. Daly</u>, 243 F.3d 687, 697 (2d Cir. 2001).  Malone's

attempt fails, however, because he has not alleged the kind of employment-related injury that could give rise to a claim of disparate treatment under Title VII.

Even under the lenient pleading standards of <u>Swierkiewicz</u>, a plaintiff must demonstrate some sort of employment-related action that could give rise to relief under Title VII. <u>O'Neal</u>, 2003 WL 1524664, at *6 (dismissing disparate treatment claim for lack of any employment action where the only injury alleged was a knee injury sustained during an altercation with a supervisor). Actions amounting to an adverse employment action, an element of a <u>prima</u> <u>facie</u> case of discrimination under Title VII, result in a "materially adverse change in the terms and conditions of employment." <u>Demoret v. Zegarelli</u>, 451 F.3d 140, 151 (2d Cir. 2006). Pleading an adverse employment action is not necessary to withstand a motion to dismiss. <u>Leibowitz</u>, 445 F.3d at 591. Yet a plaintiff must still allege some sort of injury that could, when fleshed out by discovery, rise to the level of an adverse employment action and thus sustain a disparate treatment claim. <u>Cf.</u> <u>id.</u> at 591-92 (denying motion to dismiss where employee was discharged from a non-tenured position because allegation that position was customarily subject to the same job protection as tenured positions could, if verified, support a disparate treatment claim).

Here, Malone does not state what, if any, actual employment injury he has suffered. The filing of disciplinary charges does not constitute an adverse action when the charges have not yet been adjudicated, as the plaintiff has not suffered any adverse effects. <u>Yerdon v. Henry</u>, 91 F.3d 370, 378 (2d Cir. 1996) (affirming summary judgment against plaintiff's Title VII retaliation claim because pending administrative charges did not affect the "terms, privileges, duration, or conditions of employment" and thus could not constitute an adverse employment action)[1]; <u>see also</u> <u>Hills v. City of New York</u>, No. 03-CV-4265, 2005 WL 591130 (S.D.N.Y. Mar. 15, 2005) (holding disciplinary charges that were later dismissed did not constitute adverse employment action in race and gender discrimination claims). Malone has not claimed that he has suffered any tangible consequences as a result of the pending charges. The disciplinary proceedings thus cannot form the basis for Malone's race or gender discrimination claims.

---

1. The requirement that an adverse employment action affect the terms and conditions of employment does not apply to retaliation claims under Title VII, as discussed <u>infra</u>. <u>Burlington Northern and Santa Fe Ry. Co. v. White</u>, __ U.S. __, 126 S. Ct. 2405, 2415 (2006). Prior to <u>Burlington</u>, however, the Second Circuit applied the adverse action standard to retaliation cases and <u>Yerdon</u> was cited interchangeably in the discrimination and retaliation context. Although <u>Yerdon</u> no longer applies in the retaliation context, its reasoning holds true for the discrimination provisions of Title VII.

17

Malone's collapse also cannot sustain a claim of disparate treatment. While physical injury may support a claim of harassment, as discussed <u>supra</u>, or of constructive discharge if it forces the employee into involuntary resignation, standing alone it cannot constitute an employment action, especially as Malone did not allege any physical contact by Captain Davis.[2] See <u>O'Neal</u>, 2003 WL 1524664, at *6.

Since neither pending administrative charges nor physical injury can constitute an adverse employment action, Malone has not alleged facts that could sustain a claim of disparate treatment on the basis of race or gender. These claims are, therefore, dismissed. Malone is given thirty days leave to file an amended complaint if he wishes.

### iii.  Retaliation.

Malone also claims that the disciplinary proceedings constitute retaliation for a grievance he filed regarding Captain Davis's and Captain Calle's behavior.[3] Pl.'s Opp'n ¶ 5. Since the pleading standards established by <u>Swierkiewicz</u> also apply to

---

2. Constructive discharge is not a viable argument for Malone, as there is no indication in the complaint that he has ceased working.
3. Only disciplinary proceedings taken after either Malone's internal grievance or his charge to the EEOC are considered here; any retaliation claims based on actions taken prior to these grievances are dismissed.

18

claims of retaliation under Title VII, Malone need only give the defendants "fair notice of the retaliation claim and the grounds upon which it rests . . . ." <u>Gad-Tadros v. Bessemer Venture Partners</u>, 326 F. Supp. 2d 417, 424 (E.D.N.Y. 2004) (citing <u>Swierkiewicz</u>, 534 U.S. at 514-15). In alleging that he filed a grievance regarding his supervisors' behavior and that he was consequently subject to disciplinary proceedings on false charges, Malone states a claim of disparate treatment on the basis of retaliation.

Malone has adequately demonstrated, for pleading purposes, that he qualifies for protection under Title VII's anti-retaliation provision. To establish a retaliation claim, a plaintiff must show that he engaged in a "protected activity" by protesting conduct made illegal by Title VII. <u>Cruz</u>, 202 F.3d at 566. Although Malone has not indicated the grounds for either the internal grievance or the EEOC charge, he may ultimately be able to establish that he complained of discrimination and thus engaged in a protected activity. <u>Cf.</u> <u>Leibowitz</u>, 445 F.3d at 591-92. Because the allegations give defendants notice of the basis for Malone's retaliation claim, dismissal would be improper.

It must also be determined whether the allegedly false disciplinary charges were sufficiently severe to constitute actionable retaliation. The Supreme Court recently held, in

accordance with the Seventh and D.C. Circuits, that Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3, covers a broader range of conduct than its anti-discrimination provision, 42 U.S.C. § 2000e-2. <u>Burlington Northern & Santa Fe Ry. Co. v. White</u>, __ U.S. __, 126 S. Ct. 2405, 2415 (2006); <u>Washington v. Ill. Dep't of Revenue</u>, 420 F.3d 658, 661 (7th Cir. 2005) ("[T]he anti-retaliation rule in 2000e-3(a) is broader than the anti-discrimination rule in 2000e-2(a) in the sense that it extends beyond pay and other tangible employment actions . . . .").

While the anti-discrimination provision forbids certain well-defined employment actions, the anti-retaliation provision, in order to "prevent employer interference with unfettered access to Title VII's remedial mechanisms," outlaws "employer actions that are likely to deter victims of discrimination from complaining to the EEOC . . . ." <u>Burlington Northern</u>, 126 S. Ct. at 2415 (quoting <u>Robinson v. Shell Oil Co.</u>, 519 U.S. 337, 346 (1997)). The Supreme Court endorsed the Seventh and D.C. Circuits' requirement that retaliatory conduct, to be actionable, be "materially adverse, 'which in this context means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" <u>Id.</u> (quoting <u>Rochon v. Gonzales</u>, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).

Actions deemed materially adverse are those which cause the plaintiff actual hardship in one form or another. See id. (holding thirty-seven-day suspension without pay materially adverse because plaintiff was forced to live one month without income, uncertain when, or if, she would be reinstated); Washington, 420 F.3d at 662 (holding that change in the work schedule of a female employee caring for a disabled young child caused her great difficulty and was, therefore, materially adverse); Russel v. Bd. of Trustees of Univ. of Ill. at Chicago, 243 F.3d 336, 341 (7th Cir. 2001) (holding five-day suspension without pay to be materially adverse). Even an action which does not affect an employee's pay or responsibilities but could affect chances for promotion may be materially adverse. See Burlington Northern, 126 S. Ct. at 2415-16 ("[E]xcluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination.").

According to the complaint, Malone has been falsely charged with assault. Pl.'s Opp'n ¶¶ 5, 9. Being subject to false charges before an administrative tribunal constitutes material adversity. Such charges may require time and effort to refute, and the individual charged may feel compelled to retain an attorney. Unlike negative evaluations or reprimands, whose

21

consequences, if any, are attenuated, disciplinary charges lead
directly to a hearing which could result in probation, demotion
or termination. While the charges are not sufficiently concrete
to establish an adverse employment action under the anti-
discrimination provision of Title VII, they might well dissuade a
reasonable employee from protesting discrimination. Malone has,
therefore, described an injury which, if verified, would be
materially adverse for the purposes of a retaliation claim. In
so doing he has adequately pled a claim of disparate treatment on
the basis of retaliation, and defendants' motion to dismiss the
retaliation claim is denied.


**b.    Section 1983**

Malone also claims that defendants have violated 42 U.S.C.
§ 1983. Compl. ¶ 2. Section 1983 itself creates no substantive
rights; it is rather "a method for vindicating federal rights
elsewhere conferred." Patterson v. County of Oneida, 375 F.3d
206, 225 (2d Cir. 2004) (internal quotations omitted) (citing
Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107
(2d Cir. 2004)). To state a claim under Section 1983, a
plaintiff must demonstrate that the defendants acted under color
of state law and deprived him of a constitutional right.

Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004).

As discussed supra, Malone cannot maintain Section 1983 claims against the City because he has alleged no pattern, policy or practice of unconstitutional conduct. Dean, 297 F. Supp. 2d at 555. These claims are dismissed with leave to amend. See id.

Warden Riordan is amenable to suit under Section 1983 because, as a supervisor for a state correctional facility, a public employer, his actions fall under color of state law. See Annis v. County of Westchester, 36 F.3d 251, 354 (2d Cir. 1994). To establish Riordan's liability in his individual capacity, Malone must "allege particular facts indicating that [Riordan] was personally involved in the deprivation of the plaintiff's constitutional rights . . . ." Muzio v. Inc. Village of Bayville, No. 99-CV-8605, 2006 WL 39063, at *4 (E.D.N.Y. Jan. 3, 2006) (quoting Davis v. County of Nassau, 355 F. Supp. 2d 668, 676 (E.D.N.Y. 2005)). A supervisory official's involvement may be established, inter alia, by evidence of that official's "failure to take corrective action after learning of a subordinate's unlawful conduct" or his "fail[ure] to act on information regarding the unlawful conduct of subordinates." Id. (quoting Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003)). However, as discussed infra, Malone's failure to state a

23

Title VII discrimination claim also affects the viability of his Section 1983 equal protection claim against Riordan.

Although Malone has not expressly stated which federal rights defendants have violated, this omission is not fatal to his claim. In determining which claims a <u>pro</u> <u>se</u> plaintiff has raised, a court should be "limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings." <u>Phillips v. Girdich</u>, 408 F.3d 124, 130 (2d Cir. 2005). The facts pleaded arguably give rise to equal protection, due process, first amendment retaliation and conspiracy claims. Each is considered in turn.


    **i. Equal Protection**

Malone's pleadings arguably allege discriminatory treatment on the basis of race and gender, possibly implicating an equal protection violation. <u>See</u> <u>Annis</u>, 36 F.3d at 254 (holding public employees have a constitutional right to be free from sex discrimination in public employment). At the pleading stage, the requirements for a Section 1983 equal protection claim are the same as the requirements for a Title VII claim. <u>See</u> <u>Dean</u>, 297 F. Supp. 2d at 554.

As explained <u>supra</u>, Malone has not satisfied the pleading requirements of a Title VII cause of action.  Therefore, any equal protection claim under Section 1983 is dismissed as well.

**ii.  Due Process**

Malone's assertion that his supervisors conducted an "arbitrary and capricious" investigation culminating in false charges against him invokes, at least superficially, the Fourteenth Amendment's prohibition against the deprivation of life, liberty or property without due process of law.  Compl. ¶ 17.  However, Malone can maintain neither procedural nor substantive due process claims because he does not demonstrate either the denial of process or the deprivation of a constitutionally protected right.  <u>See Velez v. Levy</u>, 401 F.3d 75, 85 (2d Cir. 2005).

**a.  Procedural Due Process**

A terminated employee can establish a procedural due process claim by showing: (1) that he possessed a cognizable liberty or property interest and (2) that the employer deprived him of one or more of those interests "without providing process adequate to justify [its] actions."  <u>Id.</u> at 87.  Malone cannot state a procedural due process claim because the requisite process, his

hearing before the OATH judge, was pending at the time he filed his reply brief. Moreover, he has not alleged the deprivation of a protected right. His property interest in employment has not been infringed: he has not been fired, demoted or suspended and his salary has not been cut. See Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2d Cir. 1995). For the same reason, Malone cannot show the deprivation of a liberty interest. A defamatory statement against an employee, such as the allegedly false charges filed against Malone, "implicates a liberty interest when it is made during the course of that employee's termination from employment." Donato v. Plainview-Old Bethpage Cent. Sch. Dist., 96 F.3d 623, 630 (2d Cir. 1996). As Malone has neither been terminated nor demoted, however, his liberty interest is unaffected. Without showing he was deprived of process or of a protected right, Malone cannot allege a procedural due process violation.

### b. Substantive Due Process

Any substantive due process claim also fails because Malone has arguably alleged a violation of his right to equal protection, a right which is explicitly protected by the Constitution. Where the Constitution specifically prohibits government action, "plaintiffs seeking redress for that

prohibited conduct in a § 1983 suit cannot make reference to the broad notion of substantive due process." <u>Velez</u>, 401 F.3d at 94 (quoting <u>Kia P. v. McIntyre</u>, 235 F.3d 749, 757-58 (2d Cir. 2000)).

### iii.  **First Amendment Retaliation**

As discussed in the Title VII portion of this opinion, Malone alleged that he was retaliated against for having filed a complaint with the EEOC.  Such retaliation may give rise to a retaliation case under the First Amendment.

In order to establish a First Amendment retaliation claim as a public employee, Malone must show that "(1) his speech addressed a matter of public concern, (2) he suffered an adverse employment action and (3) a causal connection existed between the speech and the adverse employment action."  <u>Cobb v. Pozzi</u>, 363 F.3d 89, 102 (2d Cir. 2003).

Arguably, for the purposes of a motion to dismiss, Malone may have given enough notice in his complaint of a First Amendment retaliation claim by pleading facts suggesting that the false disciplinary charges were filed in retaliation for his EEOC complaint.  <u>See</u> <u>Konits v. Valley Stream Central High Sch.</u>, 394 F.3d 121, 126 (2d Cir. 2005) (holding that participation in a lawsuit dealing with retaliation for a complaint of

discrimination was a "public concern"); <u>Washington v. County of Rockland</u>, 272 F.3d 310, 320 (2d Cir. 2004) (finding that filing administrative charges could "deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights").  However, Malone has not pled such a claim against Warden Riordan, the only remaining defendant subject to Section 1983 allegations.

Any claim against Riordan requires that Malone allege particular facts of Riordan's involvement in the deprivation of Malone's constitutional rights.  <u>Muzio</u>, 2006 WL 39063, at *4. Malone has not alleged that Warden Riordan was involved with or in any way aware of the allegedly false charges.  Absent such personal involvement, the First Amendment claim against Riordan is dismissed, with leave to amend.


### iii.  Conspiracy

Malone also appears to allege that defendants engaged in a conspiracy to punish him for the events of February 4, 2005. Compl. ¶ 17.  He cannot maintain a conspiracy claim, however, because "employees of a single corporate entity are legally incapable of conspiring together."  <u>Nassau County Employee "L" v. County of Nassau</u>, 345 F. Supp. 2d 293, 304 (E.D.N.Y. 2004) (quoting <u>Quinn v. Nassau County Police Dep't</u>, 53 F. Supp. 2d 347,

359 (E.D.N.Y. 1999)).  This "intracorporate conspiracy doctrine"
applies to a public entity and its employees.  <u>Id.</u>  Since all
defendants are DOC employees, Malone's Section 1983 conspiracy
claim is dismissed.


**c.  Other claims**

Malone cannot maintain any claims pursuant to the other
statutes cited in the complaint.  One of these statutes, 15
U.S.C. § 1692(d), prohibits harassment and abuse of debtors by
debt collectors and is, therefore, not applicable to defendants.
Malone also claims that defendants violated 18 U.S.C. § 1001,
which prohibits the making of false statements or reliance on
fraudulent documents by federal government employees.  Defendants
are state, not federal, employees, so they are not amenable to
suit under this statute.[4]  Another of Malone's cited statutes, 18
U.S.C. § 1002, makes unlawful the possession of fraudulent
documents for the purpose of defrauding the United States or a
federal agency, which Malone does not allege anywhere in his
pleadings.  Finally, 18 U.S.C. § 1514(c) permits issuance of a
temporary restraining order, upon application by a government
attorney, to prevent harassment of a victim or witness in a

---

4.  The complaint specifies 18 U.S.C. § 1000, a non-existent
statute reserved for future legislation.  Malone presumably
refers to 18 U.S.C. § 1001.

federal criminal case.  The statute is neither actionable by Malone nor relevant to his case.  Therefore, all claims based on these statutes are dismissed.

## Conclusion

Defendants' motion to dismiss Malone's Title VII claims of disparate treatment on the basis of race and gender is granted, but Malone is given leave to amend his complaint.  Malone's Title VII hostile work environment claim is also dismissed with leave to amend.  Defendants' motion to dismiss Malone's retaliation claim is denied as to the City of New York and granted as to the other defendants.  As for Malone's claims under Section 1983, dismissal is granted to all defendants, but Malone is granted leave to amend.  Malone's equal protection and conspiracy claims are dismissed and his due process claim is dismissed with leave to amend.  All amendments must be made within thirty days from the filing of this Memorandum and Order.


Dated:     Brooklyn, New York
           August 30, 2006


                              SO ORDERED:


                              _/s/_____
                              David G. Trager
                              United States District Judge